IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

R. COURTNEY FARRIS,

   Plaintiff,

               Civil No. 12-221 MV/LFG

 v.

STEVEN ROBERTS, et al,

   Defendants.


## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Motion to Dismiss Plaintiff's Claims Against Town of Peralta for Failure to State a Claim and Memorandum in Support Thereof [Doc. 17]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

In his Complaint for Civil Rights Violations and Violations of the New Mexico Tort Claims Act, Plaintiff alleges misconduct on the part of two individuals, Steven Roberts and Floyd Garcia, who Plaintiff alleges "served as police officers regularly employed by the Village of Bosque Farms (the "Village"), the Town of Peralta (the "Town"), and the Bosque Farms Police Department ("BFPD")."   Doc. 1-3, ¶ 2.   Plaintiff claims, *inter alia*, that, "[a]s employers of Defendants Roberts and Garcia, Defendants Town, Village, and BFPD are vicariously liable for the conduct of the individual Defendants while the Individual Defendants were acting within the course and scope of their employment."   *Id.* ¶ 71.   Plaintiff further claims, *inter alia*, that "Defendants Village, Town, [and] BFPD . . . failed in their obligation to adequately train,

supervise and monitor the actions of Defendants Garcia and Roberts."   *Id.* ¶ 84.   Plaintiff seeks

compensatory and punitive damages against all Defendants.   *Id.* at 10.

    On August 31, 2012, the Town filed the instant motion seeking dismissal of the claims

against it.   Plaintiff filed a response in opposition on September 17, 2012.   The Town's reply

followed on September 24, 2012.

## LEGAL STANDARD

I.    <u>Motion to Dismiss</u>

    Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon

which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   "The nature of a Rule 12(b)(6) motion

tests the sufficiency of the allegations within the four corners of the complaint."   *Mobley v.

McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).   When considering a 12(b)(6) motion, the Court

must accept as true all well-pled factual allegations in the complaint, view those allegations in the

light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's

favor.   *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142

(2010).

    "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citations omitted).   "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged."   *Id.*   A complaint "that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"   *Id.* (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)).   Accordingly, while the Court must take all of the factual

allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot

survive a motion to dismiss.  *Iqbal*, 556 U.S. at 679.

II.     <u>Summary Judgment</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).  Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id*. at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *See Shapolia v. Los Alamos Nat'l Lab*., 992 F.2d 1033, 1036 (10th Cir. 1993) (citations omitted).  The moving party need not negate the nonmovant's claim, but rather must show "that there is an absence of evidence to support the nonmoving party's case."  *Celotex v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."  *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc*., 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted).  The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment, *see Pueblo v. Neighborhood Health Ctrs., Inc*., 847 F.2d 642, 649 (10th Cir. 1988), but rather must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324 (citation omitted).

Upon a motion for summary judgment, the Court "must view the facts in the light most

favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be

drawn from the evidence."   *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997),

*aff'd*, 162 F.3d 1173 (10th Cir. 1998).   If there is no genuine issue of material fact in dispute, then

a court must next determine whether the movant is entitled to judgment in its favor as a matter of

law.   *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## DISCUSSION

In support of its request for dismissal of the claims against it, the Town argues that

Defendants Roberts and Garcia, BFPD officers, were employed solely by the Village.   According

to the Town, it did not employ or control Defendants Roberts and Garcia, and thus is not liable for

their alleged torts or their constitutional violations.   The Town attaches as an exhibit to its motion

an "Intergovernmental Agreement for Police Services between the Town of Peralta and the Village

of Bosque Farms ("Agreement")," pursuant to which the Town agreed to pay the Village for police

services.   Doc. 17-3.   The Agreement provides, in relevant part, that "No Party's employee or

contractor shall be considered as an employee, agent, or servant of any other Party.   No Party shall

control or direct the details and means by which the employees of other Parties perform the duties

and responsibilities set forth in this Agreement."   *Id.* at ¶ 5.   Further, the Agreement provides that

the Town "understands and agrees that the administration of the BFPD, including but not limited

to personnel actions, assignment of resources and manpower, and training, is under the sole

purview of [the Village]."   *Id.* at ¶ 4(h).

Although the Town characterizes its motion as a motion to dismiss for failure to state a

claim pursuant to Rule 12(b)(6), as the Town itself acknowledges, its motion is properly one for

summary judgment pursuant to Rule 56.   *See* Rule Fed. R. Civ. P. 12(d) ("If, on a motion under

Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the

motion must be treated as one for summary judgment under Rule 56.").   Indeed, in its motion, the

Town explicitly cites to Rule 56, and sets forth the standard for dismissal pursuant to Rule 56.

Accordingly, the Town's motion provided Plaintiff with "a reasonable opportunity to present all

the material that is pertinent to the motion," in satisfaction of the requirements of Rule 12(d).   *See*

Fed. R. Civ. P. 12(d).

Plaintiff does not dispute the authenticity of the Agreement.   Rather, in response to the

Town's motion, Plaintiff argues that, regardless of the Agreement, the Town "has a non-delegable

duty and cannot escape liability for the action of its agents."   Doc. 20 at ¶ 4.   Plaintiff, however,

provides no evidence to support his contention that Roberts and Garcia, BFPD officers, were

agents of the Town.   Indeed, under the terms of the Agreement, BFPD officers, including Roberts

and Garcia, were neither employees nor agents of the Town, and the Town could neither control

nor direct them, nor participate in training them.   As set forth herein, these facts preclude recovery

by Plaintiff from the Town on any of its claims against it.

A.   The New Mexico Tort Claims Act

In order to name a particular entity in an action under the Tort Claims Act, a plaintiff must

allege a negligent public employee, and "an entity that has immediate supervisory responsibilities

over the employee."   *Silva v. State*, 745 P.2d 380, 385 (N.M. 1987).   The Tort Claims Act only

comes into play where "the public entity is itself acting through its employee with the right to

control the manner in which the details of work are to be done."   *Id.*   Here, the undisputed

evidence establishes that the Town did not have immediate supervisory responsibilities over

Roberts or Garcia, and did have the right to control or direct the details and means by which

Roberts and Garcia performed their duties and responsibilities.   Accordingly, the Town may not

properly be named in Plaintiff's action, to the extent it is brought under the New Mexico Tort Claims Act.

      B.    <u>Municipal Liability Under Section 1983</u>

      Liability under Section 1983 can be imposed upon a municipal entity, such as the Town, "only where its policies are the moving force behind the constitutional violation." *Whitewater v. Goss*, 192 F. App'x. 794, 2006 WL 242788, **2 (10th Cir. Aug. 23, 2006). In particular, the inadequacy of police training and the failure to supervise police officers "may serve as the basis for § 1983 liability [against a municipality] where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* Here, the Agreement makes clear that the administration of the BFPD, including training and supervision of officers, is under the "sole purview" of the Village. Accordingly, the Town has no role in training officers of the BFPD, and its policies certainly cannot be said to be the "moving force" behind any alleged constitutional violations by two of those officers. Municipal liability thus may not be imposed on the Town as a result of any alleged constitutional violations by Roberts and Garcia.

      C.    <u>Vicarious Liability Under Section 1983</u>

      It is unclear from the Complaint whether Plaintiff alleges that the Town is vicariously liable for any federal constitutional violations committed by Roberts and Garcia. The law is clear, however, that "the doctrine of *respondeat superior* is not a basis for rendering municipalities liable under § 1983 for constitutional torts of their employees." *Dodds v. Richardson*, 614 F.3d 1185, 1201 (10th Cir. 2010). Thus, assuming *arguendo* that Garcia and Roberts were employees of the Town, as a matter of law, Plaintiff cannot state claim under Section 1983 against the Town on the basis of vicarious liability.

**CONCLUSION**

For the reasons set forth above, neither Plaintiff's claims under the New Mexico Tort Claims Act nor his claims under Section 1983 can properly be brought against the Town.

**IT IS THEREFORE ORDERED** that Motion to Dismiss Plaintiff's Claims Against Town of Peralta for Failure to State a Claim and Memorandum in Support Thereof [Doc. 17] is granted.


DATED this 8th day of August, 2013.


_____
MARTHA VÁZQUEZ
United States District Judge